**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

MOMAPES LLC, a Florida limited liability company, )

              Plaintiff, )

vs. )

SHEPHERD CAPITAL LLC HARVARD, an Illinois series limited liability company of Shepherd Capital, LLC an Illinois limited liability company, and SHEPHERD CAPITAL LLC GURNEE, an Illinois series limited liability company of Shepherd Capital, LLC an Illinois limited liability company, )

              Defendants. )

Case No.  24-cv-07951

## COMPLAINT

Plaintiff, MoMapes LLC, by its attorneys, Foley & Lardner LLP, for its Complaint against Defendants Shepherd Capital LLC Harvard and Shepherd Capital LLC Gurnee, alleges and states as follows:

### The Parties

1.      Plaintiff, MoMapes LLC ("MoMapes"), is a Florida limited liability company.

2.      Defendant, Shepherd Capital LLC Harvard ("Harvard"), is an Illinois series limited liability company of Shepherd Capital, LLC, an Illinois limited liability company with its principal place of business at 7716 Crystal Springs Road, Crystal Lake, Illinois.

3.      Defendant, Shepherd Capital LLC Gurnee ("Gurnee"), is an Illinois series limited liability company of Shepherd Capital, LLC, an Illinois limited liability company with its principal place of business at 7716 Crystal Springs Road, Crystal Lake, Illinois.

### Jurisdiction and Venue

4.      This Court has diversity subject matter jurisdiction over this lawsuit under 28

U.S.C. §§ 1332(a)(1) as this action is between citizens of different states and the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

5.     Plaintiff is a limited liability company whose members are citizens of Florida.

6.     Defendants Harvard and Gurnee are Illinois series limited liability companies of Shepherd Capital, LLC, an Illinois limited liability company with its principal place of business in Illinois. Upon information and belief, and based upon a reasonable pre-suit investigation, the members of Harvard, Gurnee, and Shepherd Capital, LLC are all citizens of the state of Illinois.

7.     This Court is the proper venue for this lawsuit under 28 U.S.C. § 1391(a) because Harvard and Gurnee maintain their principal places of business in this judicial district, and by reason of consent to venue provided in Paragraph 9(j) of the Forbearance Agreement and Paragraph 28(j) of the Mortgage.

## General Allegations

8.     On or about November 23, 2020, MoMapes loaned Gurnee $200,000 (the "Loan"). The Loan is evidenced by that certain Promissory Note dated November 23, 2020 (the "Note") whereby Gurnee agreed repay the Loan to MoMapes upon the terms therein.  A copy of the Note is attached as **Exhibit A**.

9.     Gurnee defaulted on the Note by failing to timely pay the required quarterly interest payments beginning with the payment due January 15, 2021, and then by failing to make its required quarterly interest payments altogether, beginning with the payment due April 15, 2022, and continuing for every subsequent payment due under the Note.

10.     On April 11, 2023, MoMapes, Gurnee, and Harvard executed that certain Forbearance Agreement (the "Forbearance Agreement").  A copy of the Forbearance Agreement is attached as **Exhibit B**.

11.    Pursuant to the Forbearance Agreement, Gurnee and Harvard agreed to make periodic payments to MoMapes as described in the Payment Schedule attached to the Forbearance Agreement, and MoMapes agreed to forbear from exercising its rights under the Note until either December 5, 2025 or an event of default, defined to include in part "[f]ailure to timely make any payment required by this agreement." Ex. B, Sec. 7(a).

12.    Additionally, in the Forbearance Agreement, Harvard absolutely and unconditionally guaranteed and promised to pay all of the indebtedness and perform all of the obligations of Gurnee under the Note and Forbearance Agreement. Ex. B, Sec. 5.n.

13.    Gurnee and Harvard defaulted under the Forbearance Agreement by failing to make the payment due in May 2023 and all subsequent payments due under the Forbearance Agreement.

14.    On June 29, 2023, MoMapes issued a First Notice of Default to Gurnee and Harvard notifying Gurnee and Harvard of their default under the Note and Forbearance Agreement for failing to pay all amounts due and notifying each that the entire balance of the Loan is currently due and owing and demanding immediate payment thereof.  A true and correct copy of the First Notice of Default is attached hereto as **Exhibit C**.

15.    On September 6, 2023, MoMapes issued a Second Notice of Default to Gurnee and Harvard, reiterating the notices and demands in the Notice of Default.  A true and correct copy of the Second Notice of Default is attached hereto as **Exhibit D**.

16.    On October 9, 2023, MoMapes, Gurnee, and Harvard executed that certain First Amendment to Forbearance Agreement (the "First Amendment").  A copy of the First Amendment is attached as **Exhibit E**.

17.    Pursuant to the First Amendment, Gurnee and Harvard agreed to resume periodic payments to MoMapes as described in the Payment Schedule attached to the First Amendment,

and MoMapes agreed to resume forbearing from exercising its rights under the Note pursuant to the Forbearance Agreement.

18.     Gurnee and Harvard defaulted under the First Amendment by failing to make the payment due June 20, 2024, and all subsequent payments due under the First Amendment.

19.     On July 26, 2024, MoMapes issued a Third Notice of Default to Gurnee and Harvard, notifying Gurnee and Harvard of their default under the Note, Forbearance Agreement, and First Amendment (collectively, the "Loan Documents") for failing to pay all amounts due and notifying each that the entire balance of the Loan is due and owing and demanding immediate payment thereof.  A true and correct copy of the Third Notice of Default is attached hereto as **Exhibit F**.

20.     As of the date of this Complaint, Gurnee and Harvard are indebted to MoMapes in the principal amount of $200,000, plus interest of $20,000 accrued prior to the Effective Date of the Forbearance Agreement, plus $25,402.50 in attorneys' fees and expenses pursuant to section 5.g. of the Forbearance Agreement, plus interest at ten percent (10%) per annum accrued since the Effective Date of the Forbearance Agreement and continuing to accrue until the Loan is paid in full or Final Judgment is entered, plus attorneys' fees and expenses incurred by MoMapes since the Forbearance Agreement in the amount of $6,236.32.

## COUNT I
## BREACH OF NOTE
(Shepherd Capital LLC Gurnee)

21.     MoMapes incorporates by reference the allegations of Paragraphs 1 through 18 of this Complaint as though fully set forth herein.

22.     Pursuant to the terms of the Note, Gurnee is obligated to pay the balance of the principal and outstanding interest.

23. Despite due and timely demand by MoMapes, Gurnee has failed and refused to pay the indebtedness in accordance with the terms of the Note.

24. Pursuant to the Note, MoMapes is entitled to full and immediate payment of all amounts due under the Note, plus all costs incurred by MoMapes, including attorneys' fees, in enforcing the Note.

WHEREFORE, Plaintiff MoMapes LLC respectfully requests that this Court grant judgment in its favor, and as against Defendant Shepherd Capital LLC Gurnee, awarding the following relief in connection with the Complaint:

A. Judgment against Shepherd Capital LLC Gurnee for the full amount of indebtedness due under the Note, including all attorneys' fees and costs;

B. Pre-judgment and post-judgment interest;

C. An award of the costs and expenses incurred in this action and otherwise allowable by law; and

D. Such other relief as the Court may deem just and appropriate under the circumstances.

## COUNT II
## BREACH OF FORBEARANCE AGREEMENT
(Shepherd Capital LLC Gurnee)

25. MoMapes incorporates by reference the allegations of Paragraphs 1 through 22 of this Complaint as though fully set forth herein.

26. Defendant Shepherd Capital LLC Gurnee executed the Forbearance Agreement in favor of MoMapes.

27. MoMapes has fully performed all obligations under the Forbearance Agreement.

28. Pursuant to the terms of the Forbearance Agreement, Defendant Shepherd Capital

LLC Gurnee is obligated to pay the balance of the principal and outstanding interest pursuant to the terms and conditions set forth in the Forbearance Agreement.

29.     Despite due and timely demand by MoMapes, Shepherd Capital LLC Gurnee has failed and refuse to pay the indebtedness in accordance with the terms of the Forbearance Agreement.

30.     Pursuant to the Forbearance Agreement, MoMapes is entitled to full and immediate payment of all amounts due under the Forbearance Agreement, plus all costs incurred by MoMapes, including attorneys' fees, in enforcing the Forbearance Agreement.

WHEREFORE, Plaintiff MoMapes LLC respectfully requests that this Court grant judgment in its favor, and as against Defendants Shepherd Capital LLC Gurnee, awarding the following relief in connection with the Complaint:

A.     Judgment against Shepherd Capital LLC Gurnee for the full amount of indebtedness due under the Forbearance Agreement, including all attorneys' fees and costs;

B.     Pre-judgment and post-judgment interest;

C.     An award of the costs and expenses incurred in this action and otherwise allowable by law; and

D.     Such other relief as the Court may deem just and appropriate under the circumstances.

### COUNT III
### BREACH OF FORBEARANCE AGREEMENT
(Shepherd Capital LLC Harvard)

31.     MoMapes incorporates by reference the allegations of Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

32.     Defendant Shepherd Capital LLC Harvard executed the Forbearance Agreement in

favor of MoMapes.

33.    MoMapes has fully performed all obligations under the Forbearance Agreement.

34.    Pursuant to the terms of the Forbearance Agreement, Defendant Shepherd Capital LLC Harvard is obligated to pay the balance of the principal and outstanding interest pursuant to the terms and conditions set forth in the Forbearance Agreement.

35.    Despite due and timely demand by MoMapes, Shepherd Capital LLC Harvard has failed and refuse to pay the indebtedness in accordance with the terms of the Forbearance Agreement.

36.    Pursuant to the terms of the Forbearance Agreement, Shepherd Capital LLC Harvard guaranteed all obligations of Shepherd Capital LLC Gurnee under the Loan Documents.

37.    Shepherd Capital LLC Harvard's guaranty is absolute and unconditional and does not require MoMapes to seek to enforce or exhaust any remedies against any other parties prior to demanding payment from Shepherd Capital LLC Harvard.

38.    Despite due and timely demand by MoMapes, Shepherd Capital LLC Harvard has failed and refuse to perform its guaranty obligations in accordance with the terms of the Forbearance Agreement.

39.    Pursuant to the Forbearance Agreement, MoMapes is entitled to full and immediate payment of all amounts due under the Loan Documents, plus all costs incurred by MoMapes, including attorneys' fees, in enforcing the Loan Documents.

WHEREFORE, Plaintiff MoMapes LLC respectfully requests that this Court grant judgment in its favor, and as against Defendant Shepherd Capital LLC Harvard, awarding the following relief in connection with the Complaint:

E.    Judgment against Shepherd Capital LLC Harvard for the full amount of

indebtedness due under the Forbearance Agreement and other Loan Documents, including all attorneys' fees and costs;

F.     Pre-judgment and post-judgment interest;

G.     An award of the costs and expenses incurred in this action and otherwise allowable by law; and

H.     Such other relief as the Court may deem just and appropriate under the circumstances.

## COUNT IV
## BREACH OF FIRST AMENDMENT
(Shepherd Capital LLC Gurnee)

40.     MoMapes incorporates by reference the allegations of Paragraphs 1 through 37 of this Complaint as though fully set forth herein.

41.     Defendant Shepherd Capital LLC Gurnee executed the First Amendment in favor of MoMapes.

42.     MoMapes has fully performed all obligations under the First Amendment.

43.     Pursuant to the terms of the First Amendment, Defendant Shepherd Capital LLC Gurnee is obligated to pay the balance of the principal and outstanding interest pursuant to the terms and conditions set forth in the First Amendment.

44.     Despite due and timely demand by MoMapes, Shepherd Capital LLC Gurnee has failed and refuse to pay the indebtedness in accordance with the terms of the First Amendment.

45.     Pursuant to the First Amendment, MoMapes is entitled to full and immediate payment of all amounts due under the First Amendment, plus all costs incurred by MoMapes, including attorneys' fees, in enforcing the First Amendment.

WHEREFORE, Plaintiff MoMapes LLC respectfully requests that this Court grant

judgment in its favor, and as against Defendants Shepherd Capital LLC Gurnee, awarding the following relief in connection with the Complaint:

I.     Judgment against Shepherd Capital LLC Gurnee for the full amount of indebtedness due under the First Amendment, including all attorneys' fees and costs;

J.     Pre-judgment and post-judgment interest;

K.     An award of the costs and expenses incurred in this action and otherwise allowable by law; and

L.     Such other relief as the Court may deem just and appropriate under the circumstances.

### COUNT V
### BREACH OF FIRST AMENDMENT
(Shepherd Capital LLC Harvard)

46.     MoMapes incorporates by reference the allegations of Paragraphs 1 through 43 of this Complaint as though fully set forth herein.

47.     Defendant Shepherd Capital LLC Harvard executed the First Amendment in favor of MoMapes.

48.     MoMapes has fully performed all obligations under the First Amendment.

49.     Pursuant to the terms of the First Amendment, Defendant Shepherd Capital LLC Harvard is obligated to pay the balance of the principal and outstanding interest pursuant to the terms and conditions set forth in the First Amendment.

50.     Despite due and timely demand by MoMapes, Shepherd Capital LLC Harvard has failed and refuse to pay the indebtedness in accordance with the terms of the First Amendment.

51.     Pursuant to the terms of the First Amendment, Shepherd Capital LLC Harvard guaranteed all obligations of Shepherd Capital LLC Gurnee under the Loan Documents.

52.     Shepherd Capital LLC Harvard's guaranty is absolute and unconditional and does not require MoMapes to seek to enforce or exhaust any remedies against any other parties prior to demanding payment from Shepherd Capital LLC Harvard.

53.     Despite due and timely demand by MoMapes, Shepherd Capital LLC Harvard has failed and refuse to perform its guaranty obligations in accordance with the terms of the First Amendment.

54.     Pursuant to the First Amendment, MoMapes is entitled to full and immediate payment of all amounts due under the Loan Documents, plus all costs incurred by MoMapes, including attorneys' fees, in enforcing the Loan Documents.

WHEREFORE, Plaintiff MoMapes LLC respectfully requests that this Court grant judgment in its favor, and as against Defendant Shepherd Capital LLC Harvard, awarding the following relief in connection with the Complaint:

M.     Judgment against Shepherd Capital LLC Harvard for the full amount of indebtedness due under the First Amendment and other Loan Documents, including all attorneys' fees and costs;

N.     Pre-judgment and post-judgment interest;

O.     An award of the costs and expenses incurred in this action and otherwise allowable by law; and

P.     Such other relief as the Court may deem just and appropriate under the circumstances.

Dated: August 30, 2024                    Respectfully submitted,

                                          MOMAPES LLC

                                          By:    /s/ *William J. McKenna*
                                                  One of Its Attorneys

William J. McKenna (IL Bar No. 3124753)
Foley & Lardner LLP
321 North Clark Street, Suite 3000
Chicago, Illinois 60654
Telephone: 312.832.4500
Fax: 312.832.4700
wmckenna@foley.com

11